IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELI ELAINE BARNES,  )
    Plaintiff,  )
      )
v.  )    2:13-CV-1264
      )
COMMISSIONER OF  )
SOCIAL SECURITY,  )
    Defendant.  )

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the plaintiff's motion for summary judgment (ECF No.10) be denied; that defendant's motion for summary judgment (ECF No.14) be granted, and that the decision of the Commissioner be affirmed.

II. Report

Presently before the Court for disposition are cross motions for summary judgment.

On August 30, 2013, Keli Elaine Barnes by her counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing her claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

Barnes filed an application for Supplemental Security Income Benefits on June 8, 2010 (R.183-190) and benefits were denied on July 19, 2010 (R.99-103). She protectively filed the instant application for benefits on November 30, 2010 (R.191-200). On January 26, 2011, benefits were denied (R.106-115). On February 14, 2011, the plaintiff requested a hearing (R.116) and pursuant to that request a hearing was held on December 15, 2011 (R.37-82). In a

1

decision filed on February 13, 2012, an Administrative Law Judge denied benefits (R.20-32), and on February 23, 2012, the plaintiff requested reconsideration of that determination (R.17-18). On July 2, 2013, the Appeals Council affirmed the prior determination (R.1-3). The instant complaint was filed on August 30, 2013.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994). To be eligible for such benefits, an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

As set forth in 20 C.F.R. § 416.905(a) disability is defined as:

2

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

In addition, a person will be considered disabled if he/she is

> (a) ... permanently and totally disabled as defined under a State plan approved under title XIV or XVI of the Social Security Act, as in effect for October 1972; (b) ... received aid under the State plan ... for the month of December 1973 and for at least one month prior to July 1973; and (c) ... continue[s] to be disabled as defined under the State plan.

20 C.F.R. § 416.907.

A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:

> impairment [which] result[s] from anatomical, physiological, or psychological abnormalities which [are demonstrated] by medically acceptable clinical and laboratory diagnostic techniques.

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

At the hearing held on December 15, 2011 (R.37-82), the plaintiff appeared with a representative (R.39) and testified that she was born on June 5, 1991 (R.42); that she was a full-time college student (R.42,46); that she has an eight month old child (R.45); that she worked as a part-time fast-food worker but was assisted by her sister (R.45,46,48,58-59) and that she would probably be able to work part-time (R.46).

The plaintiff also testified that she arthritis throughout her body (R.47); that although she takes pain medication she experiences constant pain (R.47, 73-74); that she can walk a short distance; stand for about ten to twenty minutes, sit for about fifty minutes and lift about fifteen to twenty pounds (R.49-51, 57); that she has difficulty navigating stairs (R.53); that her family

assists with household chores and childcare (R.52, 59-60) and that she believes her condition was worsening (R.53).

The plaintiff's sister testified that she assisted the plaintiff at work and helped her with childcare and school (R.68-72)

At the hearing a vocational expert was called upon to testify (R.76-81). The witness was asked to assume a twenty year old individual, with a high school education and no work experience who could perform sedentary work with some physical limitations (R.76) and responded that there were a very large number of jobs such an individual could perform (R.76-77). However, if the individual could not report to work or remain at her job, the witness concluded that such a person could not be employed (R.77).

In addition, certain other evidence was considered.

The plaintiff was evaluated at the Genovese Ophthalmic Associates between November 14, 2000 and February 12, 2002 and no ophthalmic effects of her rheumatoid arthritis were found (R.378-380).

The plaintiff was treated at the Armstrong County Primary care center on July 13, 2009 (R.271-277).

The plaintiff was treated by Dr. Vicky Leo between August 7, 1996 and December 1, 2009 for juvenile rheumatic arthritis, a right hand sprain and chest wall pain (R.381-404).

The plaintiff was treated by Dr. Frank N. Genovese between August 9, 1994 and June 21, 2010 for juvenile arthritis (R.343-348).

The plaintiff was treated by Dr. Daniel Kietz between June 26, 2009 and May 18, 2010 for juvenile idiopathic arthritis and juvenile rheumatoid arthritis. Medication was prescribed (R.278-307).

In results of various tests conducted between August 24, 2009 and June 23, 2010 with negative results, treatment for juvenile idiopathic arthritis and juvenile rheumatoid arthritis were noted. No ocular involvement was found to exist (R.349-368).

In a report of a residual functional capacity review performed on July 19, 2010 it was noted that the plaintiff could occasionally lift up to twenty pounds, frequently lift up to ten pounds and stand, walk or sit for up to six hours. The plaintiff was said to be only partially credible (R.84-90).

The plaintiff had a rheumatology follow-up visit at Children's Hospital on September 27, 2010 (R.369-377).

The plaintiff received out-patient treated at Children's Hospital between February 16, 2000 and January 4, 2011 for juvenile idiopathic arthritis and juvenile rheumatoid arthritis. Medication was prescribed. While the plaintiff's condition was progressing it was also noted that she was being considered for a softball scholarship and that she enjoyed playing softball, volleyball, cheerleading and basketball (R.308-342, 405-473).

In a report dated January 12, 2011, the plaintiff wrote "I do house work (laundry, cleaning, dishes etc.), prepare for when my baby comes, cook, watch T.V. and sometimes go to a friend's house "(R.238-251).

The plaintiff was treated for rheumatoid arthritis at Keystone Rehabilitation between May 23, 2011 and August 16, 2011. Various exercises were performed (R.495-519).

The plaintiff received chiropractic treatment between January 9, 2010 and August 19, 2011 for upper back and neck pain (R.520-533).

The plaintiff's rheumatology condition was evaluated at Children's Hospital between May 15, 2011 and January 11, 2012. It was noted that she was improving with treatment. It was

observed that she enjoys participating in softball, volleyball, cheerleading and basketball. On December 20, 2011, her treating doctor wrote that she "does have very severe chronic arthritis with profound limitations. She is disabled and has severe restrictions on her ability to work." It was observed that the plaintiff could not walk and could only sit or stand for ten to fifteen minutes (R.474-494, 534-542).

>Based on the evidence presented, the Commissioner determined:
>
>The claimant has the following severe impairment: systemic juvenile rheumatoid arthritis…
>
>The medical records demonstrate the claimant was diagnosed with juvenile rheumatoid arthritis at the age of three. In June, 2009, the claimant's pediatric rheumatologist, Dr. Daniel Kietz, noted that the claimant was having an increase in swelling and pain in her joints, but explained the claimant …was participating in activities such as softball, volleyball, cheerleading, and basketball… Nonetheless, the claimant testified she continued to work on a part-time basis and attended college courses full-time…
>
>In July 2011, the claimant's physical therapist noted the claimant could complete exercises without complaints of pain or difficulty. This was despite the fact the claimant was being discharged from services due to non-compliance and missed appointments. The therapist noted her opinion that the claimant had a fair prognosis with continued home exercises…
>
>Weighing all of the evidence in the claimant's favor, I find she is limited to sedentary work that does not involve the operation of foot controls or repetitive motion.  Given the claimant's allegations of an inability to bend at the knees, she may not climb, kneel, crawl, or balance on heights. Based upon the reported pain in her wrists, I am giving her the benefits of a doubt that she cannot perform pushing and pulling against significant resistance or repetitive motion with her arms…
>
>I find the claimant is not fully credible for a number of reasons… the claimant's failure to follow-up with ... treatment suggests that the claimant's symptoms may not have been as serious as has been alleged …
>
>The record shows numerous incidents in which the claimant made inconsistent statements…

The claimant's report of disabling symptoms is rendered unpersuasive because they are not consistent with the treatment records or the claimant's reports activities…

I considered the December 2011 and January 2012 reports of Dr. Kietz, the claimant's rheumatologist. Dr. Kietz reported the claimant has very severe and chronic arthritis for which he believes she is disabled and in need of medical insurance coverage. He reported the claimant has fatigue, a reduced range of motion, joint pain, stiffness, and muscle weakness. He indicated the claimant's constant pain would make the claimant incapable of even "low stress jobs." Dr. Kietz indicated the claimant is so severely limited that she is unable to lift and carry any weight, walk any distance without breaks or severe pain, sit more than 15 minutes, and stand less than 10 minutes at a time. He appeared to allege the claimant could not complete any of these activities for two hours total of an eight-hour workday, and would require five-minute periods of walking every 20 minutes, as well as an option to alternate between sitting and standing. He found the claimant could not perform repetitive tasks with her hands and arms for more than 20 percent of a workday. Dr. Kietz also indicated the claimant has jaw pain and would miss more than four days a month of work due to her symptoms.

The findings and opinions of Dr. Kietz are unpersuasive as they are not consistent with the medical evidence of record. Further … controlling weight is not given to his opinions as the claimant's treating source because his opinions are not well-supported by the record and are inconsistent with the other evidence of record. The clinical examinations and objective medical tests failed to show joint signs and symptoms reflective of the loss of functionality suggested by Dr. Kietz. In addition, a finding of disability is a legal conclusion reserved for the Administrative Law Judge. Accordingly, little weight is given to Dr. Kietz's opinions…

The claimant has no past relevant work.

The claimant was born on June 5, 1991 and was 19 years old, which is defined as a younger individual…

The claimant has at least a high school education and is able to communicate in English…

Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform…

The claimant has not been under a disability, as defined in the Social Security Act, since November 30, 2010, the date the application was filed (R.25-31).

The record demonstrates that the plaintiff suffers from juvenile onset rheumatoid arthritis. The question is whether or not it renders her disabled. As recently as mid-2012 her treating physician reported that she was disabled and unable to walk, stand or sit, but at the same time, it was noted that she enjoyed participating in softball, volleyball, basketball and cheerleading (R. 308-342, 405-494, 534-542) and at the same time she is a full-time college student and works part-time albeit with some assistance from her sister (R.42, 68-72). The remainder of the medical evidence also demonstrates that the plaintiff possesses considerable ability to be gainfully employed (R.84-90). Thus, the record rested on a determination of credibility which is the province of the Commissioner, Diaz v. Commissioner, 577 F.3d 500, 506 (3d Cir. 2009) and this issue was determined adversely to the plaintiff.

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law. Lichtenstein v. UPMC, 691 F.3d 294, 300 (2012). In the instant case there are no material issues of fact in dispute, and the findings of the Commissioner are supported by substantial evidence. For this reason, it is recommended that the plaintiff's motion for summary judgment be denied; that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Respectfully submitted,
s/ Robert C. Mitchell
United States magistrate Judge

Filed: April 9, 2014