IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KELI ELAINE BARNES, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-1264 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

On August 30, 2013, the plaintiff, Keli Elaine Barnes ("plaintiff" or "Barnes"), filed an action in the above-captioned case seeking review of the final determination of the Commissioner of Social Security ("Commissioner" or "defendant") disallowing her claim for Supplemental Security Income benefits. The parties filed cross-motions for summary judgment and on April 9, 2014, the magistrate judge filed a Report and Recommendation recommending that plaintiff's motion be denied, that defendant's motion be granted and that the decision of the Commissioner be affirmed (ECF No. 17). On April 27, 2014, plaintiff filed objections to the Report and Recommendation (ECF No. 18). Defendant did not file a response to the objections.

In her objections, Barnes contends: 1) the administrative law judge ("ALJ") improperly applied the treating physician rule in concluding that her juvenile onset rheumatoid arthritis did not render her disabled; 2) the ALJ improperly discredited her testimony; 3) the magistrate judge improperly impugned her credibility (albeit for different reasons than the ALJ); and 4) the magistrate judge failed to perform a substantive analysis of her arguments. Because the first objection requires a remand, it will be the only objection addressed in detail below.

**Background**

The background of the case is set forth in the Report and Recommendation and will only be briefly reviewed in this opinion.

The ALJ at the conclusion of the hearing at which plaintiff and her sister testified invited plaintiff to submit additional medical evidence. He stated:

> Well, as I indicated, I'm going to leave the record open for 30 days to give you an opportunity to supplement the record in any way that you see fit. What I'm going to particularly be looking for, though, and I hope you can provide me, is some sort of medical source statement by one of her treating physicians with regards to aspects which she has alluded to, but which I haven't seen much in the way of documentation, and that's with regards to any problems that she has related to her – the joints of her hands, or finger or wrists, in order to, you know, do things like hold things.
>
> And this business about even taking notes, and, you know, typing, doing those things like that, that's going to be a significant limitation if it's adequately documented. So that's what I'm looking for. I'm basically looking for something from her doctors that would indicate her capacity and her incapacity, especially in that regard.

(ECF No. 6-3 at 46.)

After the hearing before the ALJ, Barnes submitted two additional materials from her treating physician. The first supplemental material was the December 20, 2011 letter from her treating rheumatologist, Dr. Kietz. In that letter Dr. Kietz noted that Barnes had very severe chronic arthritis with profound limitations (ECF No. 6-14 at 16). In the second supplemental materials, the "Arthritis Residual Functional Capacity Questionnaire," completed by Dr. Kietz on January 11, 2012, he reported, among other things, that plaintiff experienced reduced range of motion in all joints, joint deformity, reduced grip strength, and muscle weakness and atrophy (Id. at 18), in a competitive work situation, plaintiff could sit for fifteen minutes at a time, stand for

2

ten minutes at a time, sit and stand/walk for less than two hours total, and needed to walk around for five minutes every twenty minutes, plaintiff required unscheduled breaks daily and a sit-stand option; she never could lift any amount of weight (Id. at 21); she could never twist, stoop, crouch or climb; she could perform fine and gross manipulation and reaching in all directions for only 20% of a workday; she would have "good days" and "bad days"; and she would be absent more than four days per month (Id. at 22).

There was no other opinion from an examining or non-examining physician in the record. The ALJ did not accept Dr. Kietz's findings about plaintiff's limitations because the ALJ found they were:

> unpersuasive as they are not consistent with the medical evidence of record … and are inconsistent with other evidence of record. The clinical examinations and objective medical tests filed [sic] to show joint signs and symptoms reflective of the loss of functionality suggested by Dr. Kietz. In addition, a finding of disability is a legal conclusion reserved for the Administrative Law Judge. Accordingly, little weight is given to Dr. Kietz's opinions. Although the claimant undoubtedly has some pain and limitations, I find these are accounted for in the residual functional capacity.

(ECF No. 6-2 at 30-31.)

**Standard of Review**

A claimant requesting benefits under the Act is entitled to judicial review of the Commissioner's denial. 42 U.S.C. §405(g). The court will affirm the Commissioner's adoption of an administrative law judge's finding if it is supported by substantial evidence. Id.; Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 1971)). Under

this standard, a court is not permitted to weigh the evidence or substitute its own conclusion for that of the fact-finder. Id.; Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (reviewing whether the administrative law judge's findings "are supported by substantial evidence" regardless whether the court would have differently decided the factual inquiry).

A district court's review of a magistrate judge's report and recommendation with respect to a summary judgment motion is de novo. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(B)(3).

**Discussion**

Pursuant to the treating physician doctrine, "a court considering a claim for disability benefits must give greater weight to the findings of a treating physician than to the findings of a physician who has examined the claimant only once or not at all." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993). This rule, however, does not mean that an administrative law judge or the court is obligated to accept conclusions of the treating physician over the opinion of an examining or non-examining physician if they are unsupported by medical evidence. Where no physician other than the treating physician has set forth limitations relative to the residual functional capacity ("RFC") of a claimant, the administrative law judge cannot reject those limitations without another medical opinion. Moffatt v. Astrue, Civil Action No. 10-226, 2010 U.S. Dist. Lexis 103508, at *19-20 (W.D. Pa. Sept. 30, 2010).

In Moffatt, the district court noted:

> It is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence. *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986). Moreover, an administrative law judge lacks the expertise to ascertain a claimant's residual functional capacity from raw medical data. *Rivera-Torres v. Secretary of Health & Human Services*, 837 F.2d 4, 6-7 (1st Cir. 1988); *Barton v. Astrue*, 549 F.Supp.2d 1106, 1122-1123 (E.D.Mo. 2008); *Brown v. Barnhart*, 285 F.Supp.2d

4

919, 931-933 (S.D.Tex. 2003); *Woodford v. Apfel*, 93 F.Supp.2d 521, 529 (S.D.N.Y. 2000); *Gathright v. Shalala*, 872 F.Supp. 893, 898 (D.N.M. 1993). The ALJ violated both of these precepts by rejecting the opinions of Dr. Liszewski and Dr. Anderson based solely on his own interpretation of the relevant treatment notes and without reference to countervailing medical evidence.

The court remanded the case and commented that the Commissioner could order

> a consultative medical examination in the event that the limitations identified by [the claimant's] treating physicians are deemed to be too extreme to be credible . . . . While the Commissioner is free to seek additional medical opinions, he is not free to reject the opinions of [the claimant's] treating physicians based solely on the lay opinion of an administrative law judge. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).

Id. at *25-26; see Arnold v. Calvin, Civil No. 3:12-cv-02417, 2014 U.S. Dist. LEXIS 31292, at *12-17 (M.D. Pa. Mar. 11, 2014) (improper for an administrative law judge to reject a treating physician's opinion about a claimant's limitations because there was no contradictory medical evidence; "bare medical records and other non-medical evidence were insufficient for [an] administrative law judge" to determine the RFC).

In Ferguson v. Schweiker, 765 F.2d 31 (3d Cir. 1985), the court noted

> that the ALJ acted improperly in discrediting the opinions of [a treating physician] by finding them contrary to the objective medical evidence contained in the file. By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence. Again, if the ALJ believed that [the treating physician's] reports were conclusory or unclear, it was incumbent upon the ALJ to secure additional evidence from another physician.

Id. at 37 (footnote omitted).

While the final responsibility for determining whether a claimant is disabled is reserved exclusively to the Commissioner, not to any particular medical source, 20 C.F.R. §

5

416.927(e)(2), the administrative law judge cannot use his own opinion to reject the treating physician's medical opinion about a claimant's limitations. Ferguson, 765 F.2d at 37.

In this case, the ALJ did not give greater weight to another source over Dr. Kietz; rather, based upon the ALJ's review of the medical evidence he found that Dr. Kietz's conclusions about plaintiff's limitations were not consistent with the medical records. The ALJ determined that plaintiff retained the RFC for sedentary work as defined in 20 C.F.R. § 416.967(a) with numerous additional limitations: no operation of foot controls, no climbing, kneeling, crawling, no balancing on heights, no engaging in pushing or pulling with her arms against significant resistance, and no repetitive motions. (ECF No. 6-2 at 27, Finding No. 4.) The ALJ relied on Dr. Kietz's medical records, in setting the limitations for the ALJ's conclusions about plaintiff's RFC, but the ALJ rejected Dr. Keitz's December 20, 2011 letter and RFC questionnaire, which were submitted after the hearing and which indicated limitations beyond those the ALJ concluded were supported by the medical records. The ALJ acknowledged plaintiff's severe rheumatoid arthritis and pain (Id. at 26, 29), but indicated that "the clinical examinations and objective medical tests [failed] to show joint signs and symptoms reflective of the loss of functionality suggested by Dr. Kietz" (ECF No. 6-2 at 30).

As noted, the record was supplemented by Dr. Kietz's December 20, 2011 letter and the RFC questionnaire he completed on January 11, 2012. Plaintiff's treating physician opined that she had numerous limitations, including that plaintiff could only finely manipulate her fingers for 20% of each hour and could grasp, turn, twist objects only 20% of each hour. (ECF No. 6-14 at 22).

Because the ALJ set the limitations based upon his evaluation of the medical evidence, he inappropriately acted as a physician . If he had concerns about the treating physician's opinions about plaintiff's limitations, the ALJ should have developed the record by seeking another medical opinion. Plaintiff's objection on this ground is sustained. The court concludes that this case must be remanded[1] and, other than the third objection, the other objections need not be addressed.[2]

The court notes plaintiff's third objection is that the magistrate judge erred in stating that, as recently as mid-2012, it was reported that plaintiff enjoyed participating in softball, volleyball, basketball and cheerleading. (ECF No. 17 at 8.) Plaintiff argues that those activities were performed in 2009, well before the alleged onset date of disability. She notes that she testified that, during the period at issue, she had not engaged in sports since high school and was now limited to being a scorekeeper and rooting from the bench. (ECF No. 6-3 at 31.) Plaintiff observes that even the ALJ did not cite these activities in finding her not fully credible and contends that it was error for the magistrate judge to support the Commissioner's decision with a post hoc rationale.

The court concludes that the reference to "mid-2012" must have been a typographical error—the medical records in this case end in January 2012 and the hearing before the ALJ was

---

1 Plaintiff argues a remand is not necessary because, among other things, a resolution of this case has been delayed. In Morales v. Apfel, 225 F.2d 3d 310 (3d Cir. 2000), the court declined to remand a case where there had been two hearings before an administrative law judge, two appeals to a district court and the appeal to the court of appeals. Id. at 320. This case is not so extreme and is more akin to Moffatt where the court noted: "A judicially-ordered award of benefits is proper only where the record has been fully developed. . . ." 2010 U.S. Dist. LEXIS 103508 at *23.
2 On remand the ALJ may expand the record to address plaintiff's contention that the "noncompliance" comment by her physical therapist was erroneously issued.

held on December 15, 2011. (ECF No. 6-3 at 2, ECF No. 6-14 at 18-24.) In any event, the case is remanded and this error is harmless.

**Conclusion**

For the reasons set forth above, the ALJ erred in rejecting the opinions of plaintiff's treating physician about her limitations "based solely on the lay opinion of an administrative law judge." Moffat, 2010 U.S. Dist. Lexis 103508, at *26. Further administrative proceedings are necessary and the court must decline to accept the recommendations made in the Report and Recommendation. The ALJ will need to consider whether the record should be expanded to include a consultative medical exam concerning the extent of plaintiff's limitations.

The Report and Recommendation filed on April 9, 2014 (ECF No. 17) will not be adopted as the opinion of the Court, and an appropriate order remanding this case will be entered.


/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States Chief District Judge


Dated: June 13, 2014